IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:17-CR-30150-SPM |
| SUNTEZ PASLEY, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Petitioner Suntez Pasley. (Doc. 88). For the reasons set forth below, the Court denies the Motion.

## FACTUAL & PROCEDURAL BACKGROUND

In August 2017, Pasley was indicted on 1 count of bank robbery in violation of 18 U.S.C. § 2113(a). He plead guilty in 2018. (Doc. 60). In March 2019, Chief Judge Michael J. Reagan sentenced Pasley to 210 months imprisonment. (Docs. 64, 66). On direct appeal, the Seventh Circuit upheld the sentence. *See United States v. Pasley*, 789 F. App'x 552, 555 (7th Cir. 2020).

In March 2021, Pasley filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. *See* SDIL Case No. 21-CV-00330-SPM, Doc. 4. After thorough review of the record, this Court denied his request for relief.

In January 2024, Pasley filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that he is needed as a father figure to his 16-year-old son, he has been rehabilitated, and he has received an excessive sentence. (Doc. 88). Additionally, Pasley challenged his classification as a career offender by contending that § 2113(a) does not fit the statutory definition of "crime of violence." (Doc. 88).

## APPLICABLE LAW

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement sets forth specific circumstances under which extraordinary and

compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). *Id*. If an inmate can show that one of the eligibility criteria is applicable, a court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). *Id*. Lastly, a court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *Id*.

Several courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch all" provision of Subsection D is still limited only to the BOP Director's determination of whether extraordinary and compelling circumstances exist or whether a court may make that determination. The Seventh Circuit Court of Appeals has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *See United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). Additionally, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton,* 996 F.3d 485, 488 (7th Cir. 2021).

## ANALYSIS

Pasley claimed to have been a "model inmate," who has maintained a job with the Bureau of Prisons since 2021. (Doc. 88). Pasley also emphasized his desire to be

with his son, as there are few "male figures" in his son's life. (Doc. 88). While the Court acknowledges Pasley's rehabilitation efforts and his concern for the well-being of his son, these developments simply do not constitute "extraordinary and compelling reasons" that warrant a sentence reduction. Difficulties that incarcerated individuals face in caring for minor children are an unfortunate but not "extraordinary and compelling" circumstance. *See United States v. Kibby*, 2021 WL 2009568, at *3 (S.D. Ohio May 20, 2021); *see also United States v. Cole*, 2021 WL 194194, at *2 (E.D. Mich. Jan. 20, 2021). As for Pasley's rehabilitation efforts, 28 U.S.C. § 994(t) states "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). However, even if both arguments are considered in conjunction, the Court finds them generic; in other words, they fall short of the "extraordinary and compelling" standard. *See United States v. Vaughn,* 62 F.4th 1071, 1073 (7th Cir. 2023).

Even supposing that the Court finds Pasley's rehabilitation efforts and his concern for his son constituted "extraordinary and compelling reasons," the requirement that Pasley not be "a danger to the safety of any other person or to the community" weighs significantly against releasing him. *United States v. Elliott*, 2021 WL 1102401, at *4 (S.D. Ill. Mar. 23, 2021). Pasley's Presentence Investigation Report indicated that he had an extensive criminal history, including several convictions for aggravated assault, domestic battery, obstructing justice, and robbery to name a few. (Doc. 63). Furthermore, in Pasley's sentencing hearing, Judge Reagan identified him as someone "likely to recidivate based upon his past criminal history." (Doc. 76). For

these reasons, the Court cannot honestly conclude that Pasley will not present a significant threat to the community upon release.

As for Pasley's excessive sentence claim, such requested relief is properly brought only in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which he has already done in this Court. *See Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) ("As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction."); *see also* SDIL Case No. 21-CV-00330-SPM.

Pasley's attempt to challenge his classification as a career offender is also misguided for two reasons. For starters, his claim that § 2113(a) does not fit the statutory definition of "crime of violence" is contrary to the Seventh Circuit precedent. *See United States v. Campbell*, 865 F.3d 853, 855 (7th Cir. 2017) ("The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year."). Furthermore, Pasley would qualify as a career offender regardless, given his two qualifying predicate offenses. *See United States v. Pasley*, 789 F. App'x 552, 553 (7th Cir. 2020); *see also* U.S.S.G. 4B1.1.

## CONCLUSION

For these reasons, the Motion for Compassionate Release (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 12, 2024**

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
